UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 2 2004

Michael N. Milby
Clerk of Court

DINO X. CHAVEZ, §
§
Plaintiff, §
§
vs. §
§
AMERICAN FAMILY LIFE §
ASSURANCE COMPANY OF COLUMBUS, §
§
Defendant. §

CIVIL ACTION NO. B - 0 4 - 0 4 2 1

**DEFENDANT AFLAC'S NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1441 and 1446, the above-captioned

action is removed by Defendant American Family Life Assurance Company of Columbus

("Defendant") from the 138th Judicial District Court in Cameron County, Texas to the United

States District Court for the Southern District of Texas, Brownsville Division. Defendant, by its

attorneys, respectfully states the following as grounds for removal of this action.

1.       Defendant is the defendant in a civil action pending in the 138th Judicial District

Court, Cameron County, Texas, styled *Dino X. Chavez v. American Family Life Assurance*

*Company of Columbus*, Cause Number 2003-08-4365-B (the "State Court Action"). Pursuant to

28 U.S.C. § 1446(a), and local rule LR 81, the following are attached as exhibits:  (Ex. A) an

index of all documents being filed; (Ex. B) a copy of the executed process in this case; (Ex. C) a

copy of each pleading asserting claims filed in the state court action, namely Plaintiff's Original

Petition, Plaintiff's First Amended Original Petition, and Defendant's Original Answer; (Ex. D) a

copy of the docket sheet in the state court action; (Ex. E) all orders signed by the judge in the

state court action; and (Ex. F) a list of all counsel of record.

2.      On or about August 29, 2003, Plaintiff Dino X. Chavez ("Plaintiff") filed the State Court Action but did not request issuance or service of citation and did not seek a waiver of citation from the Defendant. The State Court Action was commenced within this Court's district and division. Five months after initiating the State Court Action, Plaintiff filed his First Amended Original Petition in the State Court Action on January 30, 2004. Plaintiff served it on Defendant through its registered agent for service via certified mail on February 9, 2004, which was the date Defendant first received a copy of Plaintiff's pleading setting forth his claims for relief. Consequently, this notice of removal is timely filed under 28 U.S.C. § 1446(b) within 30 days of receipt of the initial pleading setting forth a claim for relief.

3.      Plaintiff is an individual citizen of Texas residing and domiciled in Cameron County, Texas. Plaintiff was residing and domiciled in Cameron County, Texas when this action was originally filed.

4.      Defendant is incorporated in the State of Nebraska and was a Nebraska corporation at the time this action was commenced. Defendant's principal place of business is presently in the State of Georgia and was in Georgia when this action was commenced, and at all other times relevant hereto.

5.      The amount in controversy in this action exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. Further, Plaintiff has alleged a cause of action against Defendant for a violation of 42 U.S.C. § 1981, a claim arising out of the laws of the United States.

6.      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the State Court Action is pending.

7.      The district courts of the United States have original jurisdiction over this action based on diversity of citizenship between the parties, in that the Defendant is now, and was at the

time the action was commenced, diverse in citizenship from Plaintiff, and the amount in controversy in this action exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and cost. Additionally, the Defendant is not a citizen of Texas. Further, the federal district courts have federal question jurisdiction over this action because Plaintiff has alleged a cause of action under one of the laws of the United States, 42 U.S.C. § 1981. As a result, this Court has removal jurisdiction over this action. *See* U.S.C. §§ 1331; 1332; 1441 (a) and (b).

8.    Defendant, the removing party, will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Defendant has filed a copy of this Notice of Removal with the Clerk of the 138th Judicial District Court, Cameron County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

9.    Accordingly, Defendant AFLAC removes the case styled *Dino X. Chavez v. American Family Life Assurance Company of Columbus*, Cause Number 2003-08-4365-B, from the 138th Judicial District Court, Cameron County, Texas, on this 1st day of March 2004, and further requests that this Court assume jurisdiction over the cause herein as provided by law.

Respectfully submitted,

By: _____

William B. Steele III
State Bar No. 19107400
Southern Dist. No. 8019
LOCKE LIDDELL & SAPP LLP
100 Congress, Suite 300
Austin, Texas 78701
512-305-4700
512-305-4800 (fax)

**ATTORNEYS FOR AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant AFLAC's Notice of Removal was served via certified mail, return receipt requested, on this 1st day of March, 2004 upon the following counsel of record:

> J. Arnold Aguilar
> Artemis Square, Suite H-2
> 1200 Central Boulevard
> Brownsville, Texas 78520

_____
William B. Steele III

# Index

The following documents are being filed with Defendant AFLAC's Notice of Removal:

Exhibit B – Service of Process

Exhibit C – Pleadings on File in this Case

       1.  Plaintiffs' Original Petition (filed 8/29/03)
       2.  Plaintiffs' First Amended Petition  (filed 1/26/04)
       3.  Defendant's Original Answer (filed 2/26/04)

Exhibit D – Docket Sheet for Cause No. 2003-08-4365-B

Exhibit E – Orders [Drop Docket Notice]

Exhibit F – Counsel of Record

**Exhibit A**

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

# ORIGINAL

No. 2003-08-004365-B

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: AMERICAN FAMILY LIFE ASSURANCE COMPANY
    OF COLUMBUS (AFLAC)
    BY SERVING ITS REGISTERED AGENT
    C. BRIAN CASSIDY
    100 CONGRESS AVENUE, SUITE 300
    AUSTIN, TEXAS 78701-2748
the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 138th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said FIRST AMENDED PETITION  was filed on JANUARY 30, 2004 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-08-004365-B.

The style of the case is:

DINO X. CHAVEZ
VS.
AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS

Said petition was filed in said court by        HON. J. ARNOLD AGUILAR
(Attorney for        PLAINTIFF        ), whose address is
1200 CENTRAL BLVD. - STE. H-2  BROWNSVILLE, TX.  78520        .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 3rd day of FEBRUARY , A.D. 2004.

AURORA DE LA GARZA        , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy
    Rosa Maria Ochoa

EXHIBIT
B

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
| --- |

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
| --- | --- |

| ADDRESS | |
| --- | --- |

| CITY | STATE | ZIP |
| --- | --- | --- |

I hereby certify that on the __3rd__ of __FEBRUARY  2004__, I mailed to __AMERICAN FAMILY LIFE ASSURANCE COMPANY__ by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __6147 3495__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: _____ Deputy

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

6147 3495 3034

| 2003-08-4365-B | 2/3/04 |
| --- | --- |

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Recipient's Name (Please Print Clearly) (to be completed by mailer)
AMERICAN FAMILY LIFE ASSURANCE CO.
Street, Apt. No.; or PO Box No.
100 CONGRESS AVE., SUITE 300
City, State, ZIP+4
AUSTIN, TX. 78701-2748

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF COLUMBUS (AFLAC)
BY SERVING ITS REGISTERED AGENT
C. BRIAN CASSIDY
100 CONGRESS AVE., SUITE 300
AUSTIN, TEXAS 78701-2748

2. Article Number (Copy from service label)
6147 3495

PS Form 3811, July 1999          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X ☐ Agent  ☒ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

102595-99-M-1789



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

2003-08-4365-B 2/3/04
1 CIT.

• Sender: Please print your name, address, and ZIP+4 in this box •

AURORA DE LA GARZA
DISTRICT CLERK
CAMERON COUNTY
974 E. HARRISON STREET
BROWNSVILLE, TX 78520

FILED __9:00__ O'CLOCK __P__ M
AURORA DE LA GARZA DIST. CLERK

AUG 29 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Reynaldo Lopez_ DEPUTY

CAUSE NO. _2003-08-4365-B_

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN FAMILY LIFE ASSURANCE | § | |
| COMPANY OF COLUMBUS (AFLAC) | § | _138th_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **DINO X. CHAVEZ**, Plaintiff herein, complaining of American Family Life Assurance Company of Columbus (AFLAC), and for such cause would respectfully show unto the Court and jury the following:

### I.

### DISCOVERY LEVEL

This cause of action should be governed in accordance with Discovery Level 2, pursuant to Texas Rule of Civil Procedure 190.3.

### II.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter in controversy in this action, and the claims are within the jurisdictional limits of this Court. Venue is also proper in this Court pursuant to Texas Civil Practice and Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cameron County.

SCANNED

SEP 05 2003



EXHIBIT
C

## III.

## PARTIES

Plaintiff DINO X. CHAVEZ is a resident of Brownsville, Cameron County, Texas.

Defendant AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS

(AFLAC) is an insurance company with its mailing address of 1932 Wynton Road, American

Family Center, Columbus, GA 31999. American Family Life Assurance Company of Columbus

is licensed to do business in the State of Texas and may be served through its attorney of record,

C. Brian Cassidy, 100 Congress Avenue, Suite 300, Austin, Texas 78701.

## IV.

## FACTUAL BACKGROUND AND ALLEGATIONS

Plaintiff Dino Chavez was originally appointed to represent American Family Life

Assurance Company of Columbus (AFLAC) on September 6, 1994. After working for a

number of years with AFLAC, Mr. Chavez submitted an AFLAC proposal to Brownsville

Independent School District (hereinafter BISD) for an optional §125 Cafeteria Plan on April 30,

1998. That Plan was later approved by BISD on November 3, 1998, at which time Mr. Chavez

was awarded the §125 Cafeteria Plan Services Contract and an opportunity to offer some other

AFLAC voluntary products as a condition for providing free cafeteria plan services, including

acting as Third Party Services Provider for BISD. During November and December 1998, Mr.

Chavez planned, coordinated and conducted BISD's entire cafeteria plan enrollment for over

6,000 employees as a service to BISD, thus saving BISD considerable expense. During the

following year, from January through December 1999, Mr. Chavez provided BISD with

additional administrative assistance and technical advice on a daily basis to insure compliance

SCANNED

SEP 0 3 2003

with §125 guidelines, in addition to handling all inquiries and necessary paperwork relating to claims, policy questions and other matters relating to those policies. Thereafter, BISD advertised for proposals on the same products for the 1999-2000 and 2000-2001 years. During both years, no changes were made and the District chose to continue utilizing Mr. Chavez's services and AFLAC's products. As part of his duties, Chavez continued providing these services through the years 2000 and 2001. As a result of Mr. Chavez's efforts, the provision of insurance services was streamlined for all BISD employees, the BISD participants were extremely satisfied and AFLAC received considerable benefit and sales of its products.

On the morning of November 29, 2001, Defendant BISD's Superintendent, Noe Sauceda (hereinafter Sauceda), delivered a letter to Mr. Chavez, providing him with a 30-day notice of BISD's intent not to renew his services as their Third Party Services Provider and that his proposal for renewal of the contract had been rejected as allowed under BISD's policies. Plaintiff Dino Chavez was thereafter immediately removed from the handling of the proposal he had submitted to BISD for AFLAC products, and he was thereafter terminated from his regional sales coordinator position with AFLAC. Although Mr. Chavez has spent years establishing his relationship with AFLAC and with BISD employees, including the provision of numerous services for both, Mr. Chavez was summarily terminated by AFLAC without any hearing or opportunity to respond to Sauceda's allegations.

Defendant AFLAC's representative, Frank L. LaFemina, conferred with Sauceda, and agreed to remove Plaintiff Chavez from his position at AFLAC. Plaintiff would show, however, that Defendant had no authority to remove Plaintiff simply to appease a client, and that had Mr. LaFemina investigated further, he would have discovered that Sauceda's actions were improper

SCANNED

SEP 0 5 2003

and not approved or authorized by BISD's Board of Trustees. Plaintiff would further show that Plaintiff's rights as a hispanic citizen to make and enforce contracts were violated by Defendant AFLAC in a manner not otherwise extended to white citizens. To that end, Plaintiff would show that he was one of a few of Defendant's Regional Sales Coordinators in Texas, who are hispanic, and Defendant AFLAC has never treated or terminated any white RSC in the same abrupt and immediate manner in which Plaintiff was treated and terminated.

V.

CAUSES OF ACTION

Defendant AFLAC's actions in depriving Mr. Chavez of his rights to make and enforce contracts the same as is enjoyed by white citizens were conducted and implemented as part of the customs, policies and/or practices of Defendant AFLAC, or were made by those with policy-making authority in that area of AFLAC's business, for which Defendant AFLAC is now liable, pursuant to 42 U.S.C. §1981. Defendant's actions were deliberately intended to cause harm to Mr. Chavez, and the resulting harm to him was severe. As a result of Defendant AFLAC's actions, Mr. Chavez suffered extreme shame, humiliation, embarrassment, loss of reputation, injury to his reputation, worry, anxiety, sleeplessness and damage to his personal health and lost earnings and wage earning capacity, for which he now sues.

VI.

DAMAGES

As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiff sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendant, for which Plaintiff now seeks recovery. Such

SCANNED
SEP 0 9 2003

damages include a loss of earnings and earning capacity, loss of income and income opportunities, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future. In sum, Plaintiff seeks all actual and compensatory damages to which he may be entitled under the law. Plaintiff also seeks recovery of his reasonable and necessary attorney's fees and expenses, pursuant to 42 U.S.C. §1988. Plaintiff further seeks the recovery of punitive or exemplary damages from Defendant in an amount to be determined entirely by the discretion of the jury.

## VII.

### CONDITIONS PRECEDENT

All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

## VIII.

### JURY TRIAL REQUEST

Plaintiff **DINO X. CHAVEZ** requests that a jury of his peers be convened to determine the facts made the basis of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **DINO X. CHAVEZ** respectfully prays that the Defendant be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Plaintiff against Defendant for all actual and compensatory damages suffered by Plaintiff, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees and expenses incurred by Plaintiff, and costs of court, as well as punitive or exemplary damages against this Defendant, as well as all other further relief to

SCANNED
SEP 0 3 2003

which Plaintiff may show himself to be justly entitled, whether special or general, at law and in equity.

Signed on this the 29th day of August, 2003.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Cameron County ID No. 3617

Attorney for Plaintiff,
DINO X. CHAVEZ

SCANNED
SEP 0 3 2003

LAW OFFICE
# J. ARNOLD AGUILAR

J. ARNOLD AGUILAR
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization

Board Certified - Civil Trial Law Advocate
National Board of Trial Advocacy

August 29, 2003

(956) 504-1100
Fax: (956) 504-1408
e-mail:aguilarlaw@aol.com

Mrs. Aurora De La Garza
CLERK OF THE DISTRICT COURTS
CAMERON COUNTY COURTHOUSE
974 E. Harrison, 3rd Floor
Brownsville, Texas 78520

Re:  Cause No. 2003 08-4365-B
     Dino X. Chavez vs. AFLAC
     138+  Judicial District Court, Cameron County, Texas
     Our File No. 305-03

Dear Mrs. De La Garza:

Enclosed herewith for your filing with the Court regarding the above styled and numbered cause, please find the following:

1.    **Plaintiff's Original Petition.**

Also, enclosed you will find our check made payable to your office in the amount of $170.00 to cover the filing fee. Should there be any other costs incurred in this matter, submit to us a bill for same and payment will be remitted promptly.

Thank you for your assistance in this matter.

Very truly yours,

**LAW OFFICE
J. ARNOLD AGUILAR**

By: _____
       J. Arnold Aguilar
       Cameron County ID No. 3617

JAA.fp
*Encls.

SCANNED
SEP 0 5 2003

Artemis Square, Suite H-2  •  1200 Central Blvd.  •  Brownsville, Texas 78520

FILED 9:30 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JAN 3 0 2004

DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                    DEPUTY

CAUSE NO. 2003-08-4365-B

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| AMERICAN FAMILY LIFE ASSURANCE | § | |
| COMPANY OF COLUMBUS (AFLAC) | § | 138th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **DINO X. CHAVEZ**, Plaintiff herein, complaining of American Family Life Assurance Company of Columbus (AFLAC), and for such cause would respectfully show unto the Court and jury the following:

### I.

### DISCOVERY LEVEL

This cause of action should be governed in accordance with Discovery Level 2, pursuant to Texas Rule of Civil Procedure 190.3.

### II.

### JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter in controversy in this action, and the claims are within the jurisdictional limits of this Court.   Venue is also proper in this Court

v:\fp\pop\305-03.1ST                                                                    PAGE 1



pursuant to Texas Civil Practice and Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cameron County.

## III.

## PARTIES

Plaintiff DINO X. CHAVEZ is a resident of Brownsville, Cameron County, Texas.

Defendant AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC) is an insurance company with its mailing address of 1932 Wynton Road, American Family Center, Columbus, GA 31999. American Family Life Assurance Company of Columbus is licensed to do business in the State of Texas and may be served through its attorney of record, C. Brian Cassidy, 100 Congress Avenue, Suite 300, Austin, Texas 78701-2748.

## IV.

## FACTUAL BACKGROUND AND ALLEGATIONS

Plaintiff Dino Chavez was originally appointed to represent American Family Life Assurance Company of Columbus (AFLAC) on September 6, 1994. After working for a number of years with AFLAC, Mr. Chavez submitted an AFLAC proposal to Brownsville Independent School District (hereinafter BISD) for an optional §125 Cafeteria Plan on April 30, 1998. That Plan was later approved by BISD on November 3, 1998, at which time Mr. Chavez was awarded the §125 Cafeteria Plan Services Contract and an opportunity to offer some other AFLAC voluntary products as a condition for providing free cafeteria plan services, including acting as Third Party Services Provider for BISD. During November and December 1998, Mr.

Chavez planned, coordinated and conducted BISD's entire cafeteria plan enrollment for over 6,000 employees as a service to BISD, thus saving BISD considerable expense. During the following year, from January through December 1999, Mr. Chavez provided BISD with additional administrative assistance and technical advice on a daily basis to insure compliance with §125 guidelines, in addition to handling all inquiries and necessary paperwork relating to claims, policy questions and other matters relating to those policies. Thereafter, BISD advertised for proposals on the same products for the 1999-2000 and 2000-2001 years. During both years, no changes were made and the District chose to continue utilizing Mr. Chavez's services and AFLAC's products. As part of his duties, Chavez continued providing these services through the years 2000 and 2001. As a result of Mr. Chavez's efforts, the provision of insurance services was streamlined for all BISD employees, the BISD participants were extremely satisfied and AFLAC received considerable benefit and sales of its products.

On the morning of November 29, 2001, Defendant BISD's Superintendent, Noe Sauceda (hereinafter Sauceda), delivered a letter to Mr. Chavez, providing him with a 30-day notice of BISD's intent not to renew his services as their Third Party Services Provider and that his proposal for renewal of the contract had been rejected as allowed under BISD's policies. Defendant AFLAC thereafter immediately removed Plaintiff Chavez from the handling of the proposal he had submitted to BISD for AFLAC products. Defendant AFLAC thereafter went beyond BISD's request and terminated Chavez from his regional sales coordinator position with AFLAC, although the sales to BISD's employees accounted for no more than approximately 23% of Chavez's overall AFLAC sales. Although Mr. Chavez had spent years establishing his relationship with AFLAC and with BISD employees, including the provision of numerous

services for both, Mr. Chavez was summarily terminated by AFLAC without any hearing or opportunity to respond to Sauceda's allegations, in breach of AFLAC's contractual obligations to Chavez and in violation of Chavez's rights.

Defendant AFLAC's representative, Frank L. LaFemina, conferred with Sauceda, and agreed to remove Plaintiff Chavez from his position at AFLAC. Plaintiff would show, however, that AFLAC had no authority to remove Plaintiff simply to appease a client, and that had Mr. LaFemina investigated further, he would have discovered that Sauceda's actions were improper and not approved or authorized by BISD's Board of Trustees. Plaintiff would further show that Plaintiff's rights as a hispanic citizen to make and enforce contracts were violated by Defendant AFLAC in a manner not otherwise extended to white citizens. To that end, Plaintiff would show that he was one of only a few of Defendant's Regional Sales Coordinators in Texas who are hispanic, and Defendant AFLAC has never treated or terminated any white RSC in the same abrupt and immediate manner in which Plaintiff was treated and terminated.

## V.

## CAUSES OF ACTION

Defendant AFLAC's actions in depriving Mr. Chavez of his rights to make and enforce contracts the same as is enjoyed by white citizens were conducted and implemented as part of the customs, policies and/or practices of Defendant AFLAC, or were made by those with policy-making authority in that area of AFLAC's business, for which Defendant AFLAC is now liable, pursuant to 42 U.S.C. §1981. Defendant's actions were also in breach of its contract with Chavez and constituted an intentional infliction of emotional distress. Defendant's actions were deliberately intended to cause harm to Mr. Chavez, and the resulting harm to him was severe.

As a result of Defendant AFLAC's actions, Mr. Chavez suffered extreme shame, humiliation, embarrassment, loss of reputation, injury to his reputation, worry, anxiety, sleeplessness and damage to his personal health and lost earnings and wage earning capacity, for which he now sues.

Defendant AFLAC's actions also constituted malice, for which Plaintiff Chavez is entitled to the recovery of punitive damages.

## VI.

## DAMAGES

As a direct and proximate result of the facts made the basis of this lawsuit, Plaintiff sustained personal injuries and damages, and those injuries and damages were proximately caused by the acts and/or omissions of Defendant, for which Plaintiff now seeks recovery. Such damages include a loss of earnings and earning capacity, loss of income and income opportunities, loss of past and prospective earnings, and mental pain, suffering and anguish in the past and in the future. In sum, Plaintiff seeks all actual and compensatory damages to which he may be entitled under the law. Plaintiff also seeks recovery of his reasonable and necessary attorney's fees and expenses, pursuant to 42 U.S.C. §1988. Plaintiff further seeks the recovery of punitive or exemplary damages from Defendant in an amount to be determined entirely by the discretion of the jury.

## VII.

## CONDITIONS PRECEDENT

All conditions precedent to the filing of this suit and the recovery of the damages prayed for herein have occurred and have been performed.

## VIII.

### JURY TRIAL REQUEST

Plaintiff **DINO X. CHAVEZ** requests that a jury of his peers be convened to determine the facts made the basis of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **DINO X. CHAVEZ** respectfully prays that the Defendant be cited to appear and answer herein, and that upon final hearing of this action, that judgment be entered for Plaintiff against Defendant for all actual and compensatory damages suffered by Plaintiff, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest at the maximum rate allowed by law, reasonable attorneys' fees and expenses incurred by Plaintiff, and costs of court, as well as punitive or exemplary damages against this Defendant, as well as all other further relief to which Plaintiff may show himself to be justly entitled, whether special or general, at law and in equity.

Signed on this the 30th day of January, 2004.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By:  _____
      J. Arnold Aguilar
      State Bar No. 00936270
      Cameron County ID No. 3617

      Attorney for Plaintiff,
      DINO X. CHAVEZ

PAGE 7

NO. 2003-08-4365-B

| | | |
|---|---|---|
| DINO X. CHAVEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CAMERON COUNTY, T E X A S |
| AMERICAN FAMILY LIFE | § | |
| ASSURANCE COMPANY OF COLUMBUS, | § | |
| | § | |
| Defendant. | § | 138TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendant American Family Life Assurance Company of Columbus ("AFLAC"), defendant in the above-entitled and numbered cause of action, and files this, its Original Answer to Plaintiff's First Amended Petition on file herein, and would respectfully show the Court as follows:

### I.
### PLEA IN ABATEMENT

Plaintiff has agreed to arbitrate the claims and causes of action which he asserts in this lawsuit. Accordingly, this case should be dismissed or, alternatively, stayed until such time as plaintiff has arbitrated the claims asserted herein.

### II.
### GENERAL DENIAL

Subject to its Plea in Abatement, and without waiving the same, AFLAC denies each and every, all and singular, the allegations asserted in Plaintiff's First Amended Petition and demands strict thereof.

**Defendant's Original Answer – Page 1**

## III.
## AFFIRMATIVE DEFENSES

Subject to its Plea in Abatement and without waiving the same, AFLAC pleads by way of affirmative defense that Plaintiff's causes of action for intentional infliction of emotional distress and for violation of 42 U.S.C. § 1981 are barred by limitations.

Subject to its Plea in Abatement and without waiving the same, AFLAC pleads by way of affirmative defense that Plaintiff's causes of action are barred by the doctrines of estoppel and/or waiver.

Subject to its Plea in Abatement and without waiving the same, AFLAC pleads by way of affirmative defense that Plaintiff's causes of action are barred by the doctrine of laches.

WHEREFORE, PREMISES CONSIDERED, AFLAC respectfully prays that the Court dismiss this case or stay these proceedings until such time as plaintiff has arbitrated his claims, and, in the alternative, should such dismissal or abatement be denied, AFLAC prays that plaintiff take nothing by his suit and that he be discharged with his costs, and for such other and further relief, at law or in equity, to which AFLAC may show itself justly entitled.

Respectfully submitted,

By: 

William B. Steele III
State Bar No. 19107400

**Locke Liddell & Sapp LLP**
100 Congress, Suite 300
Austin, Texas 78701
512-305-4700
512-305-4800 (fax)

**ATTORNEYS FOR AMERICAN FAMILY LIFE
ASSURANCE COMPANY OF COLUMBUS**

**Defendant's Original Answer – Page 2**



## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant's Original Answer was served via certified mail, return receipt requested, on this _25th_ day of February, 2004 upon the following counsel of record for Plaintiff:

> J. Arnold Aguilar
> Artemis Square, Suite H-2
> 1200 Central Boulevard
> Brownsville, Texas 78520

William B. Steele III

RUN DATE 02/27/04
RUN TIME 11:41 AM

* * * C L E R K ' S   E N T R I E S * * *

PAGE: 01

2003-08-006365-B

00361701
HON. J ARNOLD AGUILAR
1200 CENTRAL BLVD. - STE. R-2
BROWNSVILLE, TX.          79520 0000

00698601
WILLIAM B. STEELE III
100 CONGRESS, STE. 300
AUSTIN, TEXAS          78701 0000

DINO X. CHAVEZ

VS

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS

(10)                    08      29      03

DAMAGES

08/29/03    ORIGINAL PETITION FILED
01/26/04    DROP DOCKET NOTICES MAILED
01/30/04    PLF'S FIRST AMENDED ORIGINAL PETITION
            (RMOCHOA)
02/03/04    CITATION (CN): AMERICAN FAMILY LIFE
            ASSURANCE COMPANY            FILED: 02/12/04
            SERVED: 02/12/04
02/03/04    PLF'S MOTION TO RETAIN AND SET TRIAL
02/12/04    DATE (RMOCHOA)
02/26/04    ORIGINAL ANSWER: AMERICAN FAMILY LIFE
            ASSURANCE COMPANY

01/26/04
02/12/04
02/19/04
02/19/04

PASS TO DROP DOCKET
HEARING ON PLF'S MOTION TO RETAIN AND SET
TRIAL DATE IS SET
FOR MARCH 11, 2004 AT 1:00 P.M., AS PER ORDER SIGNED.
D.PESTER/RMOCHOA



EXHIBIT
D

Cause No. 2003-08-004365-B

DINO X. CHAVEZ                                    In the District Court of

VS.                                              Cameron County, Texas

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS      138th Judicial District

### DROP DOCKET NOTICE

Notice is hereby given, pursuant to RULE 1.20 of the Revised Local Rules of Civil Procedure, that the above styled and numbered cause has been placed on the Drop Docket.

The above cause will be dismissed if not reinstated by the Court within 30 days.  All motions for reinstatement must contain a motion and proposed order setting hearing to set case for trial.

AURORA DE LA GARZA
DISTRICT CLERK

By: _Rosa Maria De Roa_ Deputy

Date: 01/26/04
Copies sent to:

HON. J. ARNOLD AGUILAR
AMERICAN FAMILY LIFE ASSURANCE COMPANY

**RECEIVED**

FEB 1 0 2004

LEGAL DIVISION

EXHIBIT

E

# Counsel of Record

**ATTORNEY FOR DINO X. CHAVEZ**

> J. Arnold Aguilar
> LAW OFFICE OF J. ARNOLD AGUILAR
> Artemis Square, Suite H-2
> 1200 Central Boulevard
> Brownsville, Texas 78520
> (956) 504-1100
> (956) 504-1408 [fax]

**ATTORNEYS FOR AMERICAN FAMILY LIFE
ASSURANCE COMPANY OF COLUMBUS**

> William B. Steele III
> State Bar No. 19107400
> LOCKE LIDDELL & SAPP LLP
> 100 Congress, Suite 300
> Austin, Texas 78701
> (512) 305-4700
> (512) 305-4800 [fax]

**Exhibit F**