

United States District Court
Southern District of Texas
FILED

MAY 27 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO X. CHAVEZ | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | B - 04 - 042 |
| AMERICAN FAMILY LIFE ASSURANCE | § | |
| COMPANY OF COLUMBUS (AFLAC) | § | |

# PLAINTIFF'S RESPONSE TO MOTION TO DISQUALIFY COUNSEL

TO THE HONORABLE U. S. DISTRICT COURT:

COMES NOW Plaintiff **DINO X. CHAVEZ** and files this his Response to Defendant AFLAC's Motion to Disqualify Counsel, and for such response would show unto the Court the following:

## I.

### SUMMARY OF ARGUMENT

Defendant's motion is nonsensical. Defendant concedes that the arbitration clause he is pursuing provides that the arbiter named by each party need not be neutral, then complains that Aguilar cannot be an advocate for Plaintiff and a non-neutral fact finder for any arbitration. The very clause on which Defendant relies provides that the arbiter need not be neutral. The arbitration clause itself is designed to provide an unfair advantage to AFLAC, at the expense of any associate who signs that agreement, in that it allows AFLAC to appoint a non-neutral arbiter

and thereafter ask the local state judge in AFLAC's hometown in Georgia, who would have no knowledge of Texas law, to appoint the third arbiter. Nothing in the rules of this Court or the arbitration clause prohibits Mr. Aguilar from acting as advocate for Plaintiff in this case and as a non-neutral in any arbitration that may proceed.

## II.

## FACTUAL BACKGROUND

The Associate's Agreement referenced as Exhibit-1 to Defendant's motion, paragraph 15, specifically provides that

> either party may file a written demand for arbitration with the other party. The party filing such demand shall simultaneously specify his, her or its arbitrator giving the name, address and telephone number of said arbitrator. The party receiving such notice shall notify the party demanding the arbitration of his, her or its arbitrator, giving the name, address and telephone number of said arbitrator within five (5) days of the receipt of such demand. **The arbitrator named by the respective paries need not be neutral.** The Senior Judge of the Superior Court of Muscogee County, Georgia, on request by either party, shall appoint a neutral person to serve as the third arbitrator, and shall also appoint an arbitrator for any party failing or refusing to name his arbitrator within the time herein specified.

As set out in Exhibit-3 to Defendant's Motion, Plaintiff named his attorney, J. Arnold Aguilar, to act as his non-neutral arbitrator in that proposed arbitration, "in order to avoid any Georgia state court judge from appointing one for him." AFLAC has previously designated Joseph L. Waldrup of Columbus, Georgia, (AFLAC's hometown) as its arbitrator. See Defendant AFLAC's Motion and Brief to Stay Proceedings and to Compel Arbitration, Exhibit-4. Plaintiff has no reason to believe Mr. Waldrup or any mediator appointed by a Georgia state judge would be neutral.

## III.

## ARGUMENT AND AUTHORITIES

Defendant argues that an individual cannot properly or ethically act as both counsel and arbitrator in a single matter, citing concerns of appearance of impropriety. *See FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995). That case involved a lawyer as witness, however, not as advocate and non-neutral arbiter. Defendant agrees that Aguilar can act as a non-neutral arbitrator in the dispute between Chavez and AFLAC, then appears to argue that Aguilar cannot act as arbitrator without appearing to be non-neutral. Defendant makes no reference to the fact that the arbitrator it named, as well as any named by a local Georgia state judge, would not be neutral and would both more likely than not sympathize with a local corporation that provides jobs in the area, rather than with a Plaintiff who lives thousands of miles away whose civil rights have been violated. It is for this reason itself that the arbitration clause in the agreement is unconscionable and therefore not enforceable. Defendant AFLAC wrote this clause, and Plaintiff Chavez was allowed no input into the language in that clause. "In Texas a writing is generally construed most strictly against its author...." *Republic Nat'l Bank of Dallas v. Northwest Nat'l Bank of Ft. Worth*, 578 S.W.2d 109, 115 (Tex. 1978). Defendant should not now be heard to complain because the clause that it drafted to provide unconscionably unfair results to its associates also allowed Mr. Chavez to select his attorney as his non-neutral arbiter.

As for Defendant's challenge to Mr. Aguilar's participation in this case, Defendant has provided no authority or argument to establish that Mr. Aguilar cannot represent Mr. Chavez ethically or in accordance with the rules of this Court. Comment 10 to Texas Disciplinary Rule of Professional Conduct 3.08 provides that "[the Rule] should not be used as a tactical weapon to deprive the opposing party of the right to be represented by the lawyer of his or her choice." *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d at 1315, quoting Supreme Court of Texas, Rules Governing the State Bar of Texas Article X, §9 (Texas Disciplinary Rules of Professional Conduct) (Vernon 1990). To the contrary, this Court should find instead that a clause that allows a state court judge in Defendant's home town to select a third arbitrator itself raises the appearance impropriety because of the inherent bias toward a local corporation, and that clause should be struck as unconscionable. It is just such inherent biases that allow for removal of cases to federal courts. Accordingly, Defendant's motion should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **DINO X. CHAVEZ** would respectfully request that upon consideration of Defendant AFLAC's Motion to Disqualify Counsel, that such motion be DENIED in its entirety, and that this action be allowed to proceed accordingly.

Signed on this the 27th day of May, 2004.

                                  Respectfully submitted,

                                  **LAW OFFICE**
                                  **J. ARNOLD AGUILAR**
                                  Artemis Square, Suite H-2
                                  1200 Central Boulevard
                                  Brownsville, Texas  78520
                                  Telephone    :  (956) 504-1100
                                  Facsimile     :  (956) 504-1408

By: _____
        J. Arnold Aguilar
        State Bar No. 00936270
        Federal Adm. No. 6822

                                  Attorney for Plaintiff,
                                  DINO X. CHAVEZ

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISQUALIFY COUNSEL** has on this the 27th day of May, 2004, been forwarded via certified mail, return receipt requested to:

Mr. William B. Steele, III
LOCKE, LIDDELL & SAPP, L.L.P.
100 Congress Avenue, Suite 300
Austin, TX  78701

                                  _____
                                    J. Arnold Aguilar