

United States District Court
Southern District of Texas
FILED

JUN 0 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DINO X. CHAVEZ | § § | CIVIL ACTION NO. |
| VS. | § § | B - 04 - 042 |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS (AFLAC) | § § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Plaintiff **DINO X. CHAVEZ** and files this his Response to Defendant AFLAC's Motion and Brief to Stay Proceedings and to Compel Arbitration, and for such response would respectfully show unto the Court the following:

### I.

### SUMMARY OF RESPONSE

Plaintiff's claim is primarily for Defendant's violation of his rights protected under 42 U.S.C. §1981, in depriving Mr. Chavez of his right to make and enforce contracts the same as is enjoyed by white citizens. Such claim does not "arise under" Defendant's arbitration agreement because it does not require interpretation of the Associate's Agreement or the Regional Sales Coordinator's (RFC) Agreement. In addition, because arbitration is not an adequate substitute for judicial proceedings, Reconstruction Act actions are not precluded by arbitration agreements

or awards. In addition, the arbitration agreement referenced by Defendant is unconscionable in that it is biased towards Defendant and thereby lacks mutuality, by allowing Defendant to appoint two separate non-neutral arbitrators, the first of his own choosing and the second appointed by a state court judge in Defendant's hometown, thousands of miles from where the controversy is pending.

## FACTUAL BACKGROUND

Defendant makes extensive reference to various background facts and its characterization of the procedural history behind this action, much of which Plaintiff disputes. Those allegations are largely irrelevant, however, because they do not affect the arbitrability of the disputes before this Court. As set out in Plaintiff's First Amended Original Petition, Defendant AFLAC terminated Chavez from his RSC position, even though no such request had been made by Brownsville Independent School District (BISD). Mr. Chavez was summarily terminated by AFLAC without hearing or opportunity to respond to the allegations made by BISD's superintendent Noe Sauceda. As a result of Defendant's actions, Plaintiff was precluded from participating in the 2001 BISD enrollment process, at which it was anticipated based on his sales history at BISD that he would have entered into numerous contracts with BISD employees, as well as with other AFLAC sales agents. Plaintiff further intends to show that no other white AFLAC agent was treated in the same abrupt and immediate manner in which Plaintiff was treated and terminated.

## §1981 ACTION DOES NOT "ARISE UNDER" ASSOCIATE'S OR RSC'S AGREEMENTS

As the Court and Defendant's attorney have noted, the subject arbitration agreement applies only to "dispute[s] arising under this Agreement...." A determination of whether Defendant violated Plaintiff's rights protected by 42 U.S.C. §1981, in preventing Plaintiff from entering into contracts with BISD employees and other AFLAC agents, does not in any way arise under the agreement between Plaintiff and Defendant. To make that determination, no reference need be made to the terms of either the Associate's Agreement or the RSC's Agreement that Plaintiff was required to sign. A dispute "arises under" the employment agreement only if reference to the agreement is necessary to determine the rights of one or both parties. This would be consistent with the Supreme Court's reference to the "common usage of the word 'arise' to mean 'coming to being; originate' or 'spring up.'" *Jones v. R.R. Donnelley & Sons Co.*, --U.S.--, 124 S.Ct. 1836, 1845, --L.Ed.2d--(2004), *quoting* American Heritage Dictionary 96 (4th ed. 2000); Black's Law Dictionary 138 (rev. 4th ed. 1968); Oxford English Dictionary 629 (2d ed. 1989). "In Texas a writing is generally construed most strictly against its author...." *Republic Nat'l Bank of Dallas v. Northwest Nat'l Bank of Ft. Worth*, 578 S.W.2d 109, 115 (Tex. 1978). Because Plaintiff's rights under 42 U.S.C. §1981 do not "arise under" either the Associate's or RFC's Agreements, any dispute as to those rights similarly did not "arise under" the agreements and is not governed by the arbitration clause in those agreements.

## RECONSTRUCTION ERA CIVIL RIGHTS ACTS ARE NOT ARBITRABLE

The Reconstruction Era Civil Rights Act included 42 U.S.C. §§1981 and 1983. The Supreme Court discussed the applicability of arbitration agreements to Reconstruction Era Civil Rights Act claims in *McDonald v. City of West Branch, Michigan*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984). *McDonald* involved a question of whether a claim under 42 U.S.C. §1983 was subject to binding arbitration. Like §1981, §1983 claims provide for the protection of civil rights. Plaintiff could locate no other cases that discussed the arbitrability of Reconstruction Era Civil Rights claims subsequent to the decision in *McDonald*. The issue before the Court in McDonald was what preclusive effect a court should accord to an arbitration award in a case brought pursuant to §1983. Section 1983 claims are related to §1981 claims in that they were both passed pursuant to the same legislation and both have the same purpose in protecting civil rights. As the Supreme Court explained in that case,

> [i]t is apparent, therefore, that in a §1983 action, an arbitration proceeding cannot provide an adequate substitute for a judicial trial. Consequently, according preclusive effect to arbitration awards in §1983 actions would severely undermine the protection of federal rights that the statute is designed to provide. We therefore hold that in a §1983 action, a federal court should not afford *res judicata* or collateral-estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement.

*Id.*, 466 U.S. at 292, 104 S.Ct. at 1804. Because a §1981 claim is akin to a §1983 claim, any arbitration award on that claim would enjoy no preclusive effect, and this Court would in any case be compelled to resolve that issue through a judicial trial, so arbitration should not be ordered on that claim.

## ARBITRATION CLAUSE IS UNCONSCIONABLE
## AND BIASED AND LACKS MUTUALITY

The arbitration agreement referenced by Defendant provides that after either party specifies his, her or its non-neutral arbitrator, "[t]he Senior Judge of the Superior Court of *Muscogee County*, Georgia, *on request by either party*, shall appoint a neutral person to serve as the third arbitrator...." AFLAC's "Worldwide Headquarters" is in Columbus, Muscogee County, Georgia. There could be no reason why anyone other than AFLAC would ever want to request a state court judge in AFLAC's hometown to appoint a "neutral" arbitrator to decide discrimination issues between one of its hometown employers, and a person whose civil rights have been violated thousands of miles away. Defendant included this language as a seemingly fair and impartial means of appointing a third and neutral arbitrator, but it is in reality no more than a means of allowing Defendant to appoint two non-neutral arbitrators in its favor. It lacks mutuality because it does not allow Plaintiff to select an equal number of non-neutral arbitrators and it allows only AFLAC the option of selecting or not selecting the third non-neutral arbitrator.

A neutral clause may have allowed the two arbitrators to select a third neutral arbitrator. Alternatively, a neutral clause could have allowed the judge where the cause of action is pending to appoint the third neutral arbitrator. Instead, Defendant's inclusion of a third arbitrator to be appointed by a local state judge in its hometown gives the false imprimatur of fairness, when in fact such is not the case. Although it appears to allow for a neutral and fair arbitration, it is in fact is deceptive and does not do so. Allowing only AFLAC's local state court judge to appoint the third arbitrator lacks mutuality, since it allows for only a Hobson's Choice. Allowing *either party* to select an arbitrator that is *biased in favor of AFLAC* is a choice that is not a choice.

Without true mutuality, it is illusory and unconscionable. Such language is unfair on its face and allows for bias in favor of Defendant. As a result, this clause is unconscionable, and the arbitration should not be allowed to proceed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff **DINO X. CHAVEZ** respectfully requests that upon consideration of Defendant's Motion to Stay Proceedings and to Compel Arbitration, that such motion be DENIED in its entirety and that this action be allowed to proceed to trial herein.

Signed on this the 8th day of June, 2004.

                        Respectfully submitted,

                        **LAW OFFICE**
                        **J. ARNOLD AGUILAR**
                        Artemis Square, Suite H-2
                        1200 Central Boulevard
                        Brownsville, Texas 78520
                        Telephone    : (956) 504-1100
                        Facsimile     : (956) 504-1408

By: _____
                  J. Arnold Aguilar
                  State Bar No. 00936270
                  Federal Adm. No. 6822

                  Attorney for Plaintiff,
                  DINO X. CHAVEZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFF'S RESPONSE TO AFLAC'S MOTION TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION** has on this the 8th day of June, 2004, been forwarded via certified mail, return receipt requested to:

Mr. William B. Steele, III
LOCKE, LIDDELL & SAPP, L.L.P.
100 Congress Avenue, Suite 300
Austin, TX  78701

_____
J. Arnold Aguilar